Brassard, J.
This is an action for negligence, breach of contract, and unfair or deceptive trade practices in violation of Mass. Gen. Laws chapter 93A. Plaintiffs allege that they were harmed when defendants failed to repair or replace plaintiffs’ automobile after plaintiffs complained that they had become ill as a result of fumes emanating from the car. Defendants have each moved for summary judgment. For the following reasons, defendants’ motions are ALLOWED.[3]
BACKGROUND
In 1993, plaintiffs purchased a 1993 Toyota Camry from defendant Boch Toyota, Inc. (“Boch”). Shortly after the purchase, plaintiffs became aware of an offensive odor emanating from the automobile. In October, plaintiffs brought the car into Woburn Foreign Motors (“Woburn”), hoping to have the smell removed from the car. Woburn cleaned the air conditioner drain, but the smell persisted. In February, 1994, plaintiffs took the car back to the dealer and complained about the smell; the dealer did not eliminate the odor. The offensive odor persists to this day.
Plaintiffs claim that the odor has caused them to suffer physical harm, including breathing problems, headaches, sinusitis, and chest pains. Defendants move for summary judgment on the grounds that plaintiffs have not introduced evidence causally linking the smell of the car to plaintiffs’ physical ailments.
DISCUSSION
This court grants summary judgement where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and “[further]" that he is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). In deciding a motion for summary judgment, “the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
In response to defendants’ assertion that plaintiffs had not presented adequate evidence of a causal connection between the odors and the plaintiffs’ ailments, plaintiffs offer the affidavit of Dr. Robert Olcerst (“Olcerst”), an environmental toxicologist. Olcerst’s affidavit states that he tested the air in the car, and concluded that the air conditioning and ventilation system of the car had become infected with micrococcus organisms. Olcerst’s affidavit further states:.
It can be concluded with reasonable medical certainty that this microbiological contamination could lead to infections in any susceptible individual ...
It can be concluded with reasonable scientific certainty that Micrococci bacteria could have caused the infections in the Buonomo family . . .
I have reviewed the medical records of the Buonomo family members from 1990 through the present provided to me . . .
Based upon my review of the medical records of Mary Ann and Kenneth Buonomo and their two children, there exists a probability that exposure to bacteria of the genus micrococcus found in the 1993 Toyota Camry that I tested, could have caused infections in Mary Ann, and Kenneth Buonomo and their children, (emphasis added)
Olcerst’s affidavit does not constitute evidence sufficient for plaintiffs to survive a motion for summary judgment, because Olcerst’s opinion is stated in terms of possibilities, and not in terms of probabilities as the law requires. See Goffredo v. Mercedes-Benz Truck Co., 402 Mass. 97, 102 (1988). Although Olcerst’s affidavit does use the word “probability,” Olcerst’s statement that the bacteria “could have” caused plaintiffs’ injuries is a mere statement of possibility and is insufficient, as a matter of law, to establish that a condition present in the Toyota caused harm to the plaintiffs.
Moreover, plaintiffs have not shown that Olcerst is qualified to testify as to the cause of their medical symptoms. While Olcerst’s curriculum vitae shows him to be a qualified environmental toxicologist, there is nothing present on the face of either his affidavit or his curriculum vitae which suggests that Olcerst has experience in evaluating medical records or medical symptoms of a patient and determining the cause of an illness. There is also no indication in Olcerst’s affidavit that he personally examined the plaintiffs. Further, plaintiffs do not present evidence from any medical doctor to the effect that their ailments were caused by the micrococci bacteria. This is not the sort of causal connection which a jury could draw from its *325 own experience without the aid of expert testimony. Compare Joudrey v. Nashoba Community Hospital, Inc., 32 Mass.App.Ct. 974, 977 (1992) (question of whether negligence of a physician was proximate cause of harm to plaintiff required expert testimony), with Coyle v. Cliff Compton, Inc., 31 Mass.App.Ct. 744, 749-750 (1992) (expert testimony not necessary on subject of installation of garage door). As plaintiffs have not offered sufficient evidence for a reasonable jury to find that the presence of the bacteria in the Toyota was the proximate cause of plaintiffs’ harm, defendants’ summary judgment motion must be allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motions for summary judgment are ALLOWED.

 Since the arguments raised by the defendants are substantially similar, the motions shall be treated together here.